IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW DAVIS, | ) | CASE NO.:   1:08 CV 776 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ASHTABULA, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings on State-Law Claims.  (ECF # 21.)  For the reasons set forth below, Defendants' Motion is DENIED.

## I. BACKGROUND

On July 15, 2008, Plaintiff Matthew Davis filed an Amended Complaint against Defendants the City of Ashtabula, Sergeant Chad Browne, Sergeant Stephen Kaselak, and John Does 1-15.  (ECF # 17.)  In his introduction, Plaintiff alleges:

> This case is about the use of excessive force by Sergeant Stephen Kaselak and Sergeant Chad Browne of the Ashtabula Ohio Police Department.  The deliberate use of force occurred during their arrest of [Plaintiff] on August 2, 2006.  Both officer Kaselak and Browne acted in concert.  The tools used to levy the excessive force against [Plaintiff] were a taser and a K-9 police dog.  The dog repeatedly bit and mauled [Plaintiff] while he was paralyzed three times by the taser.  Officer Kaselak, Officer Brown and the remaining Defendants acted willfully, wantonly, recklessly, maliciously and in bad faith.  This case is also about the failure of the City of Ashtabula to adequately train and discipline these officers and its failure to provide [Plaintiff] with medical care while in jail. [Plaintiff] was charged with Domestic Violence and Resisting Arrest by these officers.  He was found not guilty by a jury on March 7, 2008.

(*Id.* at ¶ 1.)  On this basis, Plaintiff attempts to set forth four counts for relief.

In Count I of the Amended Complaint, Plaintiff attempts to state a claim against

Defendants Sergeant Chad Browne, Sergeant Stephen Kaselak, and John Does under 42 U.S.C. § 1983.  (*Id.* at ¶¶ 25-30.)  In Count II of the Amended Complaint, Plaintiff alleges that Defendant the City of Ashtabula failed to adequately train and supervise its police officers, also in violation of § 1983.  (*Id.* at ¶¶ 31-35.)  In Count III of the Amended Complaint, Plaintiff attempts to state a claim of assault and battery against Defendant Kaselak.  (*Id.* at ¶¶ 36-39.)  Finally, in Count IV of the Amended Complaint, Plaintiff alleges Intentional Infliction of Emotional Distress against Defendants Sergeant Browne, Sergeant Kaselak, and John Does.  (*Id.* at ¶¶ 40-41.)  On July 28, 2008, Defendants the City of Ashtabula, Sergeant Browne, and Sergeant Kaselak filed an Answer to the Amended Complaint, denying all material allegations.  (ECF # 18.)

Defendants have filed a Motion for Judgment on the Pleadings, asking this Court to grant judgment on the pleadings in their favor on Plaintiffs' state-law claims.  (ECF # 21.)  In particular, Defendants allege that Plaintiff fails to state a claim upon which relief can be granted as to those claims because they are barred by the applicable statute of limitations.  (*Id.*)

## II. STANDARD OF REVIEW

Review of a motion brought pursuant to Rule 12(c) for judgment on the pleadings is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss for failure to state a claim. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable

of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)").  Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable.  *See Twombly*, 127 S. Ct. at 1974.  It is with this standard in mind that the instant Motion shall be decided.

### III. DISCUSSION

At issue in Defendants' Motion are Count III of the Amended Complaint, wherein Plaintiff attempts to state a claim of assault and battery against Sergeant Kaselak, and Count IV of the Amended Complaint, wherein Plaintiff alleges Intentional Infliction of Emotional Distress against Defendants Sergeant Browne, Sergeant Kaselak, and John Does.  Defendants allege that each of these claims are barred by the applicable statute of limitations.  The Court examines these claims in turn.

**A.    Assault And Battery**

There is no dispute that, under Ohio law, a claim for assault and battery must be brought within one year after the claim accrues.  *See* O.R.C. § 2305.111(A); (ECF # 53 at 4.)  In this case, the events giving rise to Plaintiff's Amended Complaint occurred on August 2, 2006.  (ECF # 17 at ¶ 1.)  Because Plaintiff did not file the original Complaint until March 27, 2008, Defendants claim that the cause of action for assault and battery is barred by the statute of limitations.  (ECF # 21 at 2.)

To the contrary, Plaintiff argues that the statute of limitations should be tolled with respect to this claim, in accordance with O.R.C. § 2305.15(A).  That provision provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action . . . does not begin to run until the person comes into the state or while the person is so absconded or concealed.  After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

O.R.C. § 2305.15(A).  Plaintiff contends that, prior to the Complaint being filed in this case, Sergeant Kaselak absconded from the state, thus "creating a genuine issue of material fact" as to whether the statute of limitations was tolled.  (ECF # 53 at 3.)

Here, because there is no dispute that the one-year statute of limitation applies, Plaintiff bears the burden of proof to demonstrate that the limitations period was tolled.  With discovery not yet completed, however, the Court finds that Plaintiff has had an insufficient opportunity to provide this Court with evidence that Sergeant Kaselak absconded or concealed himself.  As such, the Court finds that to rule out Plaintiff's claim at this stage of the litigation would be premature.  Hence, the Motion for Judgment on the Pleadings is DENIED without prejudice to raise this issue in a motion for summary judgment.

### B. Intentional Infliction of Emotional Distress

Turning to the Intentional Infliction of Emotional Distress ("IIED") claim, Plaintiff argues that this claim was brought within the applicable four-year statute of limitations, whereas Defendants argue that the one-year statute of limitations applicable to the underlying offense of assault and battery bars this cause of action.  In order to determine whether the four-year statute of limitations for IIED claims or the one-year statute of limitations for assault and battery claims applies, the Court must determine the actual nature or subject matter of the acts giving rise to the Amended Complaint, rather than the form in which the action is plead.  *See Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536 (1994).  That is, "assault and battery cannot be transformed into some other cause of action subject to a longer statute of limitations, as such would circumvent the statute of limitations for assault and battery."  *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, ¶ 16 (10th Dist. 2008).

Upon careful review of the Amended Complaint, the Court finds that the IIED claim rests upon the same allegations as the assault and battery claim.  Hence, the one-year statute of limitations that is applicable to that claim likewise applies to the IIED claim.  *See First United Methodist Church*, 68 Ohio St.3d at 536.  As set forth above, Plaintiff has had an insufficient opportunity to provide this Court with evidence that Sergeant Kaselak absconded or concealed himself, and thus the Court cannot determine, at this time, whether the applicable statute of limitations bars Plaintiff's claim.  As such, to rule out Plaintiff's claim at this stage of the litigation would be premature.  Accordingly, the Motion for Judgment on the Pleadings is DENIED as to the IIED claim without prejudice to raise this issue in a motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings on State-Law Claims is **DENIED**.  (ECF # 21.)

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: February 20, 2009